IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-23-BO

JEAN DELGARDO CENEZY,  )
          Plaintiff,  )
            )
v.  )        O R D E R
            )
KONIAG TUKNIK GOVERNMENT  )
SERVICES,  )
          Defendant.

This cause comes before the Court on defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, who proceeds in this action *pro se*, has responded, defendant has replied, and the matter is ripe for ruling. For the reasons that follow, the motion to dismiss is granted.

## BACKGROUND

Plaintiff instituted this employment discrimination action by filing a complaint on January 13, 2022. Plaintiff alleges that he was employed by defendant from September 30, 2019, to March 24, 2021, and that he was discharged from his employment because of his race, sex, and national origin. Plaintiff further alleges that when he reported discrimination he was harassed, ignored, and terminated in retaliation. Attached to plaintiff's complaint is a Dismissal and Notice of Rights letter (right to sue letter) issued to plaintiff by the U.S. Equal Employment Opportunity Commission (EEOC). The right to sue letter was issued on October 13, 2021, and notified plaintiff that a lawsuit against the named respondent must be initiated within ninety days of the date he received the letter. [DE 1-2]. Plaintiff's complaint alleges that he received the right to sue letter on October 13, 2021.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

Defendant argues first that plaintiff's claims are time-barred. A statute of limitations defense is properly raised at the pleadings stage where the facts sufficient to apply the time bar appear on the face of the complaint, *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005), and "[i]t is well settled that a Title VII claimant who fails to file a complaint within the 90-day period generally forfeits his right to pursue his claims." *Quinn v. Copart of Connecticut, Inc.*, 791 F. App'x 393, 395 (4th Cir. 2019).

Plaintiff has alleged that he received his right to sue letter from the EEOC on October 13, 2021, and he filed his complaint in this action on January 13, 2022. Accordingly, the complaint was filed ninety-two days following plaintiff's receipt of the right to sue letter, two days outside the applicable limitations period. *See Watts-Means v. Prince George's Fam. Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993).

Plaintiff argues in response that he is entitled to equitable tolling of the Title VII limitations period. *See id.* Specifically, plaintiff contends that the delivery window of three to

2

five days should be applied to cause his filing to be timely, citing *Glass v. Bemis Co.*, 22 F. Supp. 2d 1063, 1066 (D. Neb. 1998).

Plaintiff's arguments are, however, misplaced. First, where courts such as the *Glass* court have added three days for service of a right to sue letter, relying on Fed. R. Civ. P. 6, three days have been added to the date the letter was mailed. Here, plaintiff admits he was served with the right to sue letter via email, and thus is presumed to have received it the day the email was sent. *See* Fed. R. Civ. P. 5(b)(2)(E). Moreover, this circuit has declined to apply an "actual receipt" standard in Title VII actions, instead holding that "delivery of a right-to-sue letter to a plaintiff's home triggers the limitations period even if the plaintiff does not actually receive the letter." *Watts-Means,* 7 F.3d at 42 (citing *Harvey v. City of New Bern Police Dept.*, 813 F.2d 652 (4th Cir. 1987)). Accordingly, whether plaintiff opened the EEOC's email on October 13, 2021, is of no moment. Plaintiff has failed to otherwise show that the equitable tolling should be applied. He contends in his response that he opened the email October 17, 2021, when he returned from a trip, but this left plaintiff with ample time to file his complaint. Other cases considering similar circumstances have failed to find equitable tolling appropriate. *See, e.g., Harvey*, 813 F.2d at 653 (equitable tolling not available where wife received right to sue letter, set it aside while she and plaintiff travelled, and plaintiff was given the letter when they returned because plaintiff still had eighty-four days to file his complaint); *see also Clark v. Saval*, No. CV DLB-19-3519, 2020 WL 7640819, at *8 (D. Md. Dec. 23, 2020).

As plaintiff's complaint was filed outside the limitations period provided by Title VII, his complaint is appropriately dismissed.

CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss [DE 20] is GRANTED. Plaintiff's complaint is DISMISSED in its entirety and the clerk is DIRECTED to close the case.

SO ORDERED, this 30 day of August 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4